Electronically Filed
Kahalah A. Clay
Circuit Clerk
ANDREW KATZ
18L0633
St. Clair County
9/27/2018 3:41 PM
2362213

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| KIMBERLY SHIVELY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 18L0633 |
| ) | |
| CLARKSON EYECARE, INC. d/b/a ) | |
| CLARKSON EYECARE, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

### COUNT I – Race and/or Color Discrimination – Title VII

NOW COMES Plaintiff, Kimberly Shively (hereinafter referred to as "Shively"), by and through her undersigned attorneys, Michael Brunton and Brunton Law Offices, P.C., and for Count I of her Complaint against Defendant, Clarkson Eyecare, Inc. d/b/a Clarkson Eyecare (hereinafter referred to as "Clarkson Eyecare"), states:

1. Clarkson Eyecare is registered to do business in the State of Illinois, and does business in the County of St. Clair.

2. Shively was an employee for Clarkson Eyecare.

3. Shively was qualified for her position and was able to perform essential functions of her job.

4. Clarkson Eyecare, at all relevant times, had more than 15 employees.

5. Shively's race is Caucasian.

6. Shively's color is white.

7. Shively was subjected to a hostile work environment and was subjected to discrimination and harassment while working for Clarkson Eyecare because of her race and/or

1 of 7


EXHIBIT A

color, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.*

8. Shively was terminated by Clarkson Eyecare on or about August 29, 2016.

9. Shively was terminated as a result of her race and/or color which violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, for employment discrimination on the basis of race and/or color.

10. Prior to her termination, Shively was performing her job according to her employer's legitimate expectations.

11. Shively filed a Charge of Discrimination with the Illinois Department of Human Rights and EEOC. A copy of the Charge is attached and incorporated as Exhibit "A".

12. Shively received a Notice of Right-to-Sue from the EEOC. A copy of the Notice is attached and incorporated herein as Exhibit "B".

13. Shively filed this action within ninety (90) days of the receipt of the Notice of the Right-to-Sue letter.

14. As a result of the discrimination, harassment and hostile work environment by Clarkson Eyecare, Shively suffered and in the future will continue to suffer emotional distress, mental anguish, pain and suffering, inconvenience, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

15. As a result of the discrimination, harassment and hostile work environment by Clarkson Eyecare, Shively was caused to lose wages and fringe benefits and she is entitled to recover for this loss.

16. As a result of the discrimination, harassment and hostile work environment by Clarkson Eyecare, Shively will lose future earnings and future fringe benefits and she is entitled to recover for this loss.

17. In addition, Shively is entitled to reasonable attorney fees and all other affirmative relief as this court deems appropriate, including enjoining any unlawful discrimination, harassment and hostile work environment in the future by Clarkson Eyecare.

18. In addition, Shively is further entitled to pre-judgment interest to compensate her for the loss of wages during the period preceding any final judgment. Shively is further entitled to post-judgment interest from the date of judgment to the date that any judgment is paid by Clarkson Eyecare.

19. In addition, Clarkson Eyecare, through its managers, had knowledge that it may have been acting in violation of federal law and/or Clarkson Eyecare approved or ratified the acts of discrimination, harassment and hostile work environment and thus, Clarkson Eyecare knew or showed a reckless disregard about whether its conduct was prohibited by Title VII and Shively is entitled to punitive damages.

WHEREFORE, Plaintiff, Kimberly Shively, requests that judgment be entered in her favor and against Clarkson Eyecare in an amount in excess of $50,000.00 and award costs of suit, as well as pre-judgment interest, and for any further relief as to the Court deems just and proper.

### COUNT II –Retaliation Due to Reports of Race and/or Color Discrimination-Title VII

NOW COMES Plaintiff, Kimberly Shively (hereinafter referred to as "Shively"), by and through her undersigned attorneys, Brunton Law Offices, P.C., and for Count II of her Complaint against Defendant, Clarkson Eyecare, Inc. d/b/a Clarkson Eyecare (hereinafter referred to as "Clarkson Eyecare"), states:

1-7.  For paragraphs one (1) through seven (7) of Count II, Shively incorporates paragraphs one (1) through seven (7) of Count I as though fully alleged herein.

8.  Shively reported the race and/or color discrimination, harassment and hostile work environment to Clarkson Eyecare, which would violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 (e), *et seq.*

9.  Shively was terminated by Clarkson Eyecare on or about August 29, 2016.

10.  Shively was harassed with adverse employment actions, discriminated against and had a hostile work environment, and was terminated by Clarkson Eyecare after the aforementioned complaints about race and/or color discrimination were made.

11.  Shively's harassment with adverse employment actions, discrimination, and hostile work environment and subsequent termination was caused as a result of her engaging in the aforementioned statutorily protected activity of reporting discrimination because of race and/or color against Clarkson Eyecare, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 (e), *et seq.*

12.  Prior to her termination, Shively was performing her job according to her employer's legitimate expectations.

13.  Shively filed a Charge of Discrimination with the Illinois Department of Human Rights and EEOC. A copy of the Charge is attached and incorporated as Exhibit "A".

14.  Shively received a Notice of Right-to-Sue from the EEOC. A copy of the Notice is attached and incorporated herein as Exhibit "B".

15.  Shively filed this action within ninety (90) days of the receipt of the Notice of the Right-to-Sue letter.

16. As a result of the retaliation by Clarkson Eyecare, Shively suffered and in the future will continue to suffer emotional distress, mental anguish, pain and suffering, inconvenience, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

17. As a result of the retaliation by Clarkson Eyecare, Shively was caused to lose wages and fringe benefits and she is entitled to recover for this loss.

18. As a result of the retaliation by Clarkson Eyecare, Shively will lose future earnings and future fringe benefits and she is entitled to recover for this loss.

19. In addition, Shively is entitled to reasonable attorney fees and all other affirmative relief as this court deems appropriate, including enjoying any unlawful discrimination in the future by Clarkson Eyecare.

20. In addition, Shively is further entitled to pre-judgment interest to compensate her for the loss of wages during the period preceding any final judgment. Shively is further entitled to post-judgment interest from the date of judgment to the date that any judgment is paid by Clarkson Eyecare.

21. In addition, Clarkson Eyecare, through its managers, had knowledge that it may have been acting in violation of federal law and/or Clarkson Eyecare approved or ratified the acts of retaliation and thus, Clarkson Eyecare knew or showed reckless disregard on whether its conduct was prohibited by the Title VII and Shively is entitled to punitive damages.

WHEREFORE, Plaintiff, Kimberly Shively, requests that judgment be entered in her favor and against Clarkson Eyecare in an amount in excess of $50,000.00 and award costs of suit.

## COUNT III

NOW COMES Plaintiff, Kimberly Shively (hereinafter referred to as "Shively"), by and through her undersigned attorneys, Brunton Law Offices, P.C., and for Count III of her Complaint

against Defendant, Clarkson Eyecare, Inc. d/b/a Clarkson Eyecare (hereinafter referred to as "Clarkson Eyecare"), states:

1. Shively was an employee for Defendant, Clarkson Eyecare, working out of its Fairview Heights, St. Clair County, Illinois facility.

2. At all relevant times, Shively was qualified for her position and was able to perform all essential functions of her job.

3. On or about August 24, 2016, Shively's co-worker, Fonda Clayborne, hit and pushed Shively and then threatened Shively with physical violence, which was an illegal activity, in violation of 720 ILCS 5/12-3, 720 ILCS 5/12-1 and 720 ILCS 5/12-6.

4. On or about August 24, 2016, Shively reported her coworker's battery and threat of violence to management after it occurred.

5. After receiving Shively's reports of her coworker's work-place violence and threats of violence, Clarkson Eyecare terminated Shively on August 29, 2016.

6. Shively's wrongful and retaliatory termination from her employment with Clarkson Eyecare is casually related to the reports and complaints of the above-referenced illegal activities to her supervisors.

7. At all relevant times, there existed a clear mandate of Illinois Public Policy prohibiting discharge from employment for reporting the illegal activities of the employer and illegal activities of her coworkers.

8. As a result of the retaliatory discharge, Shively should be awarded past lost wages and future loss of earnings and loss of fringe benefits.

9. As a result of the retaliatory discharge, Shively should be awarded damages for past and future pain and suffering and damages for severe emotional trauma.

10. As a result of the retaliatory discharge, Shively should be awarded punitive damages for Clarkson Eyecare's unreasonable and vexatious discharge.

WHEREFORE, for the above stated reasons, Plaintiff prays for judgment against Clarkson Eyecare in an amount in excess of $50,000, plus cost of suit, and for such other relief as this Court may deem just and proper.

Respectfully Submitted;

BRUNTON LAW OFFICES, P.C.

/s/ Michael J. Brunton
Michael J. Brunton, #6206663
Mary M. Stewart, #6200773
819 Vandalia (Hwy 159)
Collinsville, IL 62234
(618) 343-0750 Phone
(618) 343-0227 Fax

EXHIBIT A

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ___ FEPA<br>_X_ EEOC | 560-2017-00495 |

Illinois Department of Human Rights _____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr. Ms. Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Kimberly Shively | 618-971-2266 | 2/28/72 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3708 Round Hill Road, Apt. 3 | Swansea, IL 62226 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Clarkson Eyecare |  | 618-624-0222 |

| Street Address | City, State and ZIP Code |
|---|---|
| 10 Lincoln Trail | Fairview Heights, IL 62208 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
|  |  |  |

| Street Address | City, State and ZIP Code |
|---|---|
|  |  |

DISCRIMINATION BASED ON (Check appropriate box(es).)

_X_ RACE  _X_ COLOR  ___ SEX  ___ RELIGION  ___ NATIONAL ORIGIN

_X_ RETALIATION  ___ AGE  ___ DISABILITY  _X_ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest              Latest
                       8/29/16

_X_ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attached extra sheet(s)):

SEE ATTACHED PARTICULARS PAGE.

RECEIVED EEOC ST LOUIS DISTRICT 2017 JAN -3 PH 12:39

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
|  | OFFICIAL SEAL<br>MELISSA N CALIENDO<br>NOTARY PUBLIC - STATE OF ILLINOIS<br>MY COMMISSION EXPIRES 04/10/19 |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>*Kimberly L. Shively*<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) 12-29-16 |
| 12-29-16  *Kimberly L. Shively*<br>Date        Charging Party Signature | *Melissa Caliendo* |

**Race discrimination & Retaliation:**

Kimberly Shively was an employee with Clarkson Eyecare.

Kimberly Shively's race is Caucasian.

Kimberly Shively's color is white.

Kimberly Shively was able to perform all essential functions of her job.

Kimberly Shively was subjected to a hostile work environment, harassment, and was subjected to discrimination while working for Clarkson Eyecare because of her race.

Kimberly Shively was subjected to a hostile work environment, harassment, and was subjected to discrimination while working for Clarkson Eyecare because of her color.

Kimberly Shively was subjected to a hostile work environment, harassment, and was subjected to discrimination while working for Clarkson Eyecare because of her color and race.

Kimberly Shively reported the hostile work environment, harassment and discrimination because of her race and/or because of her color to her supervisors.

Kimberly Shively was subjected to adverse employment actions and was terminated in retaliation for reporting hostile work environment, harassment and discrimination because of her race and/or color.

**Other:**

Kimberly Shively reported workplace violence to supervisors at Clarkson Eyecare.

Kimberly Shively was subjected to a hostile work environment and harassment while working for Clarkson Eyecare because of her reports of workplace violence.

Kimberly Shively was subjected to adverse employment actions and was terminated in retaliation for reporting the workplace violence at Clarkson Eyecare.

RECEIVED
EEOC
ST LOUIS DISTRICT
2017 JAN -3 PM 12:39

EEOC Form 161 (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Kimberly Shively
3708 Round Hill Rd., Apt. 3
Swansea, IL 62226

From: St. Louis District Office
1222 Spruce Street
Room 8.100
Saint Louis, MO 63103

BY: ..................

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 560-2017-00495 | Cynthia S. Basile, Investigator | (314) 539-7907 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_Cynthia Basile_  JUN 29 2018
James R. Neely, Jr., Director    (Date Mailed)

Enclosures(s)

cc: Joan Mueller
SR HR Manager
EyeCare Partners LLC
15933 Clayton Road
Ballwin, MO 63011

Eric Todd
OGLETREE DEAKINS
7700 Bonhomme Avenue, Suite 650
Saint Louis, MO 63105

Michael J. Brunton
BRUNTON LAW OFFICES
819 Vandalia (Hwy 159)
Collinsville, IL 62234

ST CLAIR COUNTY
TWENTIETH CIRCUIT COURT, KAHALAH A. CLAY

RECEIPT #: C 000490105  
RECEIVED OF: BRUNTON MICHAEL J  
PART. ID: 1647  
BY CLERK: JA  
CHECKS:

DATE: 10-04-2018  
TIME: 14:20:46  
MEMO: 002362213-0

| CASH | CREDIT | CHANGE | OTHER |
|---|---|---|---|
| $0.00 | $277.00 | $0.00 | $0.00 |

| CASE NUMBER | EVENT | COURT/JUDGE | TAX NO. | AMOUNT |
|---|---|---|---|---|
| 18-L-0633 SHIVELY VS CLARKSON EYECARE PARTY: BRUNTON MICHAEL J | 2023 | PMT:CFIL COMPLAINT FILING FEE | | $277.00 |
| | | TOTAL RECEIPT... | | $277.00 |

ST CLAIR COUNTY
TWENTIETH CIRCUIT COURT, KAHALAH A. CLAY

RECEIPT #: C  000490041          DATE: 10-04-2018          TIME: 10:25:52
RECEIVED OF: OGLETREE DEAKINS NASH SMOAK &                 MEMO: 18L633
  PART. ID: 985576
  BY CLERK: JA
  CHECKS: A  37001881                $6.50

| CASH   | CREDIT | CHANGE | OTHER  |
|--------|--------|--------|--------|
| $0.00  | $0.00  | $0.00  | $0.00  |

| CASE NUMBER | EVENT | COURT/JUDGE | TAX NO. | AMOUNT |
|---|---|---|---|---|
| | 2021  PMT:CCOPY COPIES | | | $6.50 |
| | | | TOTAL RECEIPT... | $6.50 |

* CHECK/CHEQUE IS CONDITIONAL PAYMENT
* PENDING RECEIPT OF FUNDS FROM BANK. *

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Mitoshia Scott
18L0633
St. Clair County
11/16/2018 11:45 AM
2924847

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

KIMBERLY SHIVELY,       )
                        )
       Plaintiff,       )
                        )
vs.                     )    No.   18-L-633
                        )
CLARKSON EYECARE, INC. d/b/a )
CLARKSON EYECARE,       )
                        )
       Defendant.       )

## ENTRY OF APPEARANCE

NOW COMES Michael J. Brunton, Attorney at Law, and hereby enters his appearance on behalf of Plaintiff, Kimberly Shively, for the above-captioned case.

Respectfully Submitted;

BRUNTON LAW OFFICES, P.C.

/s/ Michael J. Brunton

Michael J. Brunton, #6206663
Mary M. Stewart, #6200773
819 Vandalia (Hwy 159)
Collinsville, IL 62234
(618) 343-0750 Phone
(618) 343-0227 Fax

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST CLAIR COUNTY, ILLINOIS

## INITIAL MANDATORY STATUS CONFERENCE SETTING ASSIGNMENT

| SHIVELY VS CLARKSON EYECARE | 18-L-0633 |
|---|---|

TO: CLARKSON EYECARE INC DBA CLARKSON EYECARE

FILED
ST. CLAIR COUNTY
OCT 2 9 2018
22
*Kahulah a. Clay*
CIRCUIT CLERK

Date : 12/10/2018    Time : 9:00 AM    Room : 404

The above-styled case is assigned to: HON. ANDREW GLEESON.

Counsel familiar with the case and authorized to act is ordered to appear for an Initial Mandatory Status Conference on the above date, time and courtroom pursuant to Local Rule 6.06, and Supreme Court Rule 218.

At the aforesaid conference the following shall be considered:

1. Service upon all of the parties;
2. Whether the case will be jury or no-jury;
3. The nature, issues, and complexity of the case;
4. Simplification of the issues;
5. Amendments and challenges to the pleadings;
6. Admissions of fact and documents;
7. Limitations of discovery, including but not limited to written discovery, depositions, and opinion witnesses;
8. Third parties;
9. Scheduling of settlement conferences;
10. Necessity of subsequent case management conferences;
11. Trial settings.

Office of Chief Judge

L63

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST CLAIR COUNTY, ILLINOIS

## INITIAL MANDATORY STATUS CONFERENCE SETTING ASSIGNMENT

| SHIVELY VS CLARKSON EYECARE | 18-L-0633 |
|---|---|
| | **FILED** ST. CLAIR COUNTY OCT 2 9 2018 CIRCUIT CLERK |

TO:   A FILE COPY

Date : 12/10/2018     Time : 9:00 AM     Room : 404

The above-styled case is assigned to: HON. ANDREW GLEESON.

Counsel familiar with the case and authorized to act is ordered to appear for an Initial Mandatory Status Conference on the above date, time and courtroom pursuant to Local Rule 6.06, and Supreme Court Rule 218.

At the aforesaid conference the following shall be considered:

1. Service upon all of the parties;
2. Whether the case will be jury or no-jury;
3. The nature, issues, and complexity of the case;
4. Simplification of the issues;
5. Amendments and challenges to the pleadings;
6. Admissions of fact and documents;
7. Limitations of discovery, including but not limited to written discovery, depositions, and opinion witnesses;
8. Third parties;
9. Scheduling of settlement conferences;
10. Necessity of subsequent case management conferences;
11. Trial settings.

Office of Chief Judge

L63

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

KIMBERLY SHIVELY,          )
                           )
        Plaintiff,         )
                           )
vs.                        )   No.   18-L-633
                           )
CLARKSON EYECARE, INC. d/b/a )
CLARKSON EYECARE,          )
                           )
        Defendant.         )

## SUMMONS

To the Defendant:   Clarkson Eyecare, Inc.
                    Registered Agent: CT Corporation System
                    208 SO LaSalle Street, Suite 814
                    Chicago, IL 60604

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this Court, St. Clair County Courthouse, 10 Public Square, Belleville, Illinois within 30 days after service of this Summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gove/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit https://www.illinoiscourt.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

To the Officer:

This summons must be returned by the officers or other persons to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed. This summons may not be served later than 30 days after its date.

Witness, _____, 2018
         11/20/2018
         Nora McDaniel

(Seal of Court)

_____
(Clerk of Court)

Name:          Michael J. Brunton
Attorney For:  Kimberly Shively
Address:       819 Vandalia (Hwy 159)
City:          Collinsville, IL 62234
Telephone:     (618) 343-0750

Date of Service:_____, 2018
(To be inserted by officer on copy left with Defendant or other person)

Electronically Filed
Kahalah A. Clay
Circuit Clerk
RACHEL MENDEZ
18L0633
St. Clair County
11/16/2018 11:46 AM
2924912

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| KIMBERLY SHIVELY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.   18-L-633 |
| ) | |
| CLARKSON EYECARE, INC. d/b/a ) | |
| CLARKSON EYECARE, ) | |
| ) | |
| Defendant. ) | |

## AFFIDAVIT PURSUANT TO ILLINOIS SUPREME COURT RULE 222

Michael J. Brunton, after being duly sworn upon his oath, and under penalties of perjury, states, pursuant to Illinois Supreme Court Rule 222, that the total of money damages sought in the Complaint, filed by Plaintiff in the above-captioned case, does exceed $50,000.

Respectfully Submitted;

BRUNTON LAW OFFICES, P.C.

/s/ Michael J. Brunton

Michael J. Brunton, #6206663
Mary M. Stewart, #6200773
819 Vandalia (Hwy 159)
Collinsville, IL 62234
(618) 343-0750 Phone
(618) 343-0227 Fax

Page 1 of 1